UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL J. FROMMERT, et al.,

                        Plaintiffs,

                                                        <u>ORDER</u>

                                                        00-CV-6311L

            v.

SALLY L. CONKRIGHT, PATRICIA M. NAZEMETZ
AND LAWRENCE M. BECKER, XEROX CORPORATION
RETIREMENT INCOME GUARANTEE PLAN
ADMINISTRATORS AND XEROX CORPORATION
RETIREMENT INCOME GUARANTEE PLAN,

                        Defendants.
_____

       This Court entered a Decision and Order on January 24, 2007 (hereinafter "January 24 Decision"), mostly favorable to plaintiffs.[1]  Familiarity with that decision is presumed.

       Defendants duly filed a Notice of Appeal from the January 24 Decision.  Thereafter, defendants moved for a stay pending appeal (Dkt. ##140, 143).  Defendants seek a stay pending appeal pursuant to Rule 62 of the Federal Rules of Civil Procedure, and request that the Court waive posting of any bond.  Plaintiffs opposed the motion (Dkt. #142) and cross-moved for an order holding defendants in contempt (Dkt. #146).

       Defendants' motion for a stay is granted and no bond will be required.  If a stay is not granted, defendants will be obligated to pay out substantial sums to retired Xerox employees pursuant to the formula directed by this Court in its January 24 Decision.  Sums would also be

---

[1] The matter was before the Court on remand from the Second Circuit to resolve certain issues as set forth in the Second Circuit's decision at 433 F.3d 254 (2006).

due to employees who signed releases which this Court determined would not preclude recovery by those employees. If defendants are successful on appeal, it will be difficult, if not impossible, to recover sums paid out to plaintiffs and others similarly situated.

Plaintiffs obviously would like to recover monies they believe have been wrongfully withheld from them for many years. I can understand their frustration, but any delay in payment caused by this appeal can be dealt with either by the Second Circuit or this Court in the form of pre-judgment or post-judgment interest.

I am also not convinced that the posting of a bond is necessary here. Whether to require the posting of a bond lies within the district court's discretion. The purpose for such a bond is to guarantee that if the appeal should fail, monies awarded to plaintiffs will not be dissipated and will remain available. *See Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987) (purpose of requiring a supersedeas bond pending appeal "is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency"); *Gauthier v. Mardi Capital Corp.*, No. 90 Civ. 4313, 1990 WL 250179, at *1 (S.D.N.Y. Dec. 26, 1990) ("The whole purpose of a supersedeas bond is to secure the appellee's claim while liberating appellant's property from enforcement of the judgment").

Defendants have made more than a sufficient showing that the Xerox Corporation Retirement Income Guaranty Plan has ample assets and is fully capable of paying any judgment entered in this case. Should plaintiffs prevail on appeal, there is no danger whatsoever that defendants would be unable to pay sums due. In my view, the posting of a bond here serves no legitimate purpose and would be an unnecessary expense.

- 3 -

## CONCLUSION

Defendants' motion for a stay pending appeal and for a waiver of the posting of a bond (Dkt. ## 140, 143) is granted. Plaintiffs' motion to hold defendants in contempt and for other relief (Dkt. #146) is denied.

  IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 6, 2007.