UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL J. FROMMERT, et al.,

                     Plaintiffs,

                                        DECISION AND ORDER

                                        00-CV-6311L

         v.

SALLY L. CONKRIGHT, et al.,

                     Defendants.

_____

      This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.* The case has a lengthy history, familiarity with which is assumed for purposes of this Decision and Order. But in general, this action deals with employees who worked for Xerox Corporation ("Xerox"), and who left Xerox's employ at some point, at which time each of them took a lump-sum distribution of accrued pension benefits. Plaintiffs later returned to work for Xerox, for a second period of employment. The basic dispute arises out of Xerox's treatment of the employees' prior distributions when calculating plaintiffs' subsequent pension benefits, following their second periods of employment.

      It is now established in this case that Xerox's actions with respect to the plaintiffs' pension benefits violated ERISA, specifically ERISA's notice provisions. *See Frommert v. Conkright*, __ F.Supp.3d __, 2016 WL 7186489, at *2 (W.D.N.Y. 2016) ("If nothing else, this litigation has established that defendants violated ERISA through [certain conduct], and that plaintiffs who were adversely affected by that inequitable conduct are entitled to relief"). For some time, the central question remaining in this case has been how best to provide plaintiffs with a remedy for that violation.

On January 5, 2016, this Court issued a Decision and Order (Dkt. #283) ("Remedy Order"), pursuant to a remand from the Court of Appeals for the Second Circuit, to decide on an appropriate remedy.  The Court ordered defendants "to recalculate and pay plaintiffs' retirement benefits, treating plaintiffs' second periods of employment with Xerox as if plaintiffs had been newly hired and without regard for their prior periods of employment ... ."  153 F.Supp.3d 599, 616 (W.D.N.Y. 2016).  The Court went on to set forth some details as to the specific treatment to be given to plaintiffs in different circumstances, such as those who had already retired, those who planned to retire in the future, and so on.

Twenty days later, plaintiffs filed a motion for prejudgment interest.  (Dkt. #284.)  On November 3, 2016, the Court issued an order (Dkt. #319) granting in part and denying in part that motion ("PJI Order").  The Court directed defendants "to pay prejudgment interest to each plaintiff who has taken a distribution of benefits under the Plan, who received less than would have been due under the Court's new-hire remedy imposed on January 5, 2016."  The Court stated that "[t]he award should be calculated using the prime interest rate, as published by the Federal Reserve, as to each plaintiff, calculated from the date of the plaintiff's distribution up to January 5, 2016."  __ F.Supp.3d __, 2016 WL 6524250, at *6.

Plaintiffs then moved for an award of attorney's fees under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g).  The Court issued an order (Dkt. #338) deciding that motion on December 12, 2016 ("Fees Order").  The Court granted plaintiffs attorney's fees in the amount of $4,711,430.70, and costs in the amount of $174,174.

Plaintiffs have now moved for "clarification and/or reconsideration" of the PJI Order ("C/R Motion") (Dkt. #329).  Plaintiffs ask the Court to "clarify" its decision regarding three issues, concerning the rate of prejudgment interest, the start date from which to calculate prejudgment interest, and the amount of interest owing to what defendants have described as "overpaid" plaintiffs.  *See* Dkt. #329-1 at 3.  Defendants have filed a response opposing that motion (Dkt. #340).

Plaintiffs have also moved for "reconsideration or correction" ("Fees Motion") of what they characterize as a mistake in the Fees Order (Dkt. #339).  Specifically, plaintiffs contend that the Court mistakenly neglected to award fees for time spent on this case by one of plaintiffs' attorneys, Victor O'Connell.  The Court has not issued a scheduling order on that motion, and defendants have not responded to that motion.[1]

After filing those two motions, however, and after defendants filed their response to the C/R Motion, plaintiffs filed a notice of appeal to the Court of Appeals from the PJI Order, from the Fees Order, and from other decisions and orders of this Court.  (Dkt. #341).[2]

As the United States Supreme Court has stated, plaintiffs' "filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  *See also N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (the filing of an appeal "divest[s] the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal").

Notwithstanding a pending appeal, a district court retains residual jurisdiction over purely "collateral matters," in other words, matters that do not depend on, or will not affect, the outcome of the appeal.  *Tancredi v. Metro, Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).  The district court may also "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," but, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."  Fed. R. Civ. P. 60(a).

---

[1]Pursuant to the Local Rules for this district, absent a court-ordered scheduling order, the opposing party has 14 days after service of a motion to file and serve responding papers.  Local Rule 7(b)(2)(B).

[2]On the same day that they filed their notice of appeal, plaintiffs filed a reply to defendants' response to the C/R Motion.  (Dkt. #342.)

In light of the pending appeal, I conclude that the Court lacks jurisdiction to decide the pending motions, and that even if the Court has jurisdiction, the wiser course would be to deny the motions pending the outcome of the appeal.

For one thing, plaintiffs have appealed from the very orders that they are asking this Court to "reconsider" or "correct."  As to the Fees Order, I recognize that the requested relief is narrow in scope, and goes only to one attorney's claimed hours and compensation, as a component of the fee award.  But the fact remains that plaintiffs' Fees Motion relates directly to an order of this Court that the plaintiffs themselves have appealed to the Second Circuit. Whatever the Court of Appeals does with respect to the pending appeal, it will be a simple enough matter to deal with the fees attributable to attorney O'Connell, if necessary, after the appeal has been decided.

Regarding the C/R Motion, I note initially that "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *University of Colorado Health at Mem. Hosp. v. Burwell*, 164 F.Supp.3d 56, 61 (D.D.C. 2016) (internal quote omitted).  Although so-called motions to "clarify" are not uncommonly filed, they are typically treated as motions for relief under Rule 54(b), *see, e.g.*, *In re Navy Chaplaincy*, 170 F.Supp.3d 21, 29 (D.D.C. 2016), or under Rule 60(b), *see, e.g.*, *Atchison v. U.S. District Courts*, __ F.Supp.3d __, 2017 WL 744543, at *5 (D.D.C. 2017).

That aside, the matters raised in the C/R motion, which concern the calculation of interest owed to plaintiffs, are more substantive than ancillary with respect to the underlying PJI Order. This is not a situation in which a party has filed an appeal from a decision regarding the substantive merits of a claim, and is contemporaneously seeking further review in the district court of the details of some purely collateral matter, or correction of some obvious omission or mistake.

In their reply brief (which, as noted, was filed on the same day as plaintiffs' notice of appeal), plaintiffs state that they were, on that date, "contemporaneously filing a protective

-4-

Notice of Appeal because it is the 30th day after the fee award, but this Court of course may decide the present motion to clarify interest." Dkt. #342 at 11 n.3.  In support of that assertion, plaintiffs cite *Hasbrouck v. Texaco*, 879 F.3d 632, 635-36 (9th Cir, 1989).  That case involved a district court's correction of a clerical error, and the court's failure to memorialize a part of its prior intended decision.

The circumstances in *Hasbrouck*, however, were considerably different from those in the case at bar.  Again, the C/R motion does not involve a simple correction of a purely clerical error, or an omission due to mere oversight.  It relates to the substance of the order appealed from. *Hasbrouck* is therefore not on point.

In any event, regardless of whether this Court has jurisdiction over plaintiffs' motion, I conclude that best course of action is to deny the motion.  As stated, the matters raised in the motion relate directly to the merits of this Court's PJI Order.  Depending on the Court of Appeals' resolution of the appeal, this Court can address those matters at the proper time, if necessary, following a decision by the Court of Appeals.[3]

## CONCLUSION

Plaintiffs' motion for "clarification and/or reconsideration" (Dkt. #329) of the Court's November 3, 2016 order regarding prejudgment interest is denied.

---

[3]Most if not all of the matters raised in the pending motions would seem to be susceptible of resolution between the parties.  But these litigants have demonstrated a remarkable ability to agree on nothing.  Having seen the same pattern unfold time and again, the Court is left to doubt that the parties have ever even tried, seriously, to resolve matters in dispute.  So once again, the parties are proceeding down the now well-worn path to the appellate court.

Plaintiffs' motion for "reconsideration or correction" (Dkt. #339) regarding the Court's December 12, 2016 order regarding attorney's fees is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 10, 2017.